CHRISTOPHER C. PERKINS ET AL. v. CHARLES BROADWAY ROUSS.

PARTNERSHIP.　*Change to corporation.　Notice to creditors.　Individual liability.*　Constitution 1890, sec. 189.　Code 1892, § 835.

>　Partners who organize as a corporation, continuing the business under the same name, are personally liable to one with whom they had dealt as a partnership for goods purchased by the corporation without actual notice to the seller of the change, in a case where the charter is not recorded as required by law.

FROM the chancery court of Tate county.

HON. JAMES C. LONGSTREET, Chancellor.

Rouss, the appellee, was complainant in the court below; Perkins and others were defendants there.　From a decree in complainant's favor, adjudging defendants liable personally for the debt due complainant, defendants appealed to the supreme court.　The facts are stated in the opinion of the court.

*Johnson & Johnson*, for appellants.

The defense set up by the defendants, appellants here, to complainant's claim against them is that they are not personally liable for the debts of the R. A. Miller company, because that company is a duly authorized and legally chartered corporation.　The contention of complainant is that it was not regularly and legally incorporated.　The charter was not recorded in the office of the clerk of the chancery court of Grenada county, where the business was conducted, and this is the irregularity which complainant claims vitiates it.

We call attention to § 833, code 1892, directing, "How corporations are created."　We quote the latter part of this section: "And the powers therein specified shall, by the approval of the charter, be vested in such corporation, and it shall go

into operation at the time and on the terms and conditions specified.''

Section 835 directs ''every charter so granted '' to be recorded in the office of the secretary of state and of the chancery clerk of the county in which located.

Section 189 of the state constitution requires '' all charters granted to private corporations in this state '' to be recorded in the chancery clerk's office in the county in which is located the principal place of business.

It will be observed from the reading of these several sections that recording in the chancery clerk's office is not made a condition precedent to the exercise of the corporate franchises. Section 833 plainly provides that by the approval of the governor the powers therein specified are vested. Section 835 and the section (189) of the constitution provide for the recording in the chancery clerk's office of the charters '' granted.'' The recording of the charter is not one of the essential prerequisites without which there is no grant.

The authorities are very clear in the distinction between the steps in obtaining a charter which must necessarily be taken to give the corporation vitality and those the omission of which are merely an irregularity not fatal. The statutory provisions themselves generally make this clear. The reading of our statute makes it manifest what steps are necessary before a private corporation obtains charter rights. Recording the charter is not among these. It is only recorded after it is '' granted.'' 7 Am. & Eng. Enc. L. (new ed.), 655; 1 Beach on Cor., 16; *Mokelumne, etc., Co.* v. *Woodbury*, 14 Cal., 424, s.c. 73 Am. Dec., 658; *Granby, etc., Co.* v. *Richards*, 8 S. W. Rep., 246; *Bank* v. *Investment Co.*, 12 S. W. Rep., 101; *Powder Co.* v. *Sinsheimer*, 46 Md., 315; *Society Perun* v. *Cleveland*, 43 Ohio St., 481, s.c. 3 N. E. Rep., 357; *Bank* v. *Almy*, 117 Mass., 476; *Vanneman* v. *Young*, 30 Atl. Rep., 53; Beach on Private Corporations, sec. 13; Cook on Stock and Stockholders and Corporation Law (3d ed.), sec. 233; 29 Am.

St. Rep., note on page 502; *Ward* v. *Brigham*, 127 Mass., 24; *Rutherford* v. *Hill* (Oregon), 29 Am. St. Rep., 596; *Snyder* v. *Troy* (Ala.), 8 So. Rep., 658; *Duke* v. *Taylor* (Fla.), 19 So. Rep., 172; 7 Am. & Eng. Enc. L. (new ed.), 651; *Atlanta* v. *Gaslight Co.*, 71 Ga., 106; *Insurance Co.* v. *Sanders*, 43 Ala., 115; *Sampson* v. *Steam Mill Cor.*, 36 Maine, 78.

In the absence of fraud on the part of appellants, the grant of charter privileges protects them from personal liability, even though appellees had no knowledge of the grant of the charter. Under the authorities above quoted, the grant of the charter made the "R. A. Miller Company" a corporation *de jure* as against all persons. If any advantage could be taken of the failure to have the charter recorded in the chancery clerk's office, it must be in a proceeding instituted for this purpose, and the result would be to take away from them the privileges of which they had been in possession.

*N. A. Taylor* and *Phil A. Rush*, for appellee.

"Where partners have dealt as such with a third person who has sold goods to them, and, after becoming incorporated, they continue to deal with him as before, having their bills made in the same way, without apprising him of their altered condition, they will continue to be liable to him as partners, under the principle of estoppel, unless he have actual knowledge, derived from some other source, of the fact of their having become incorporated." Thompson on Corp., sec. 2973; *Martin* v. *Fewell*, 79 Mo., 401; *Goddard* v. *Pratt*, 16 Pick. (Mass.), 412; *Pettis* v. *Atkins*, 60 Ill., 454; *Bigelow* v. *Gregory*, 73 Ill., 197; *Abbott* v. *Smelting Co.*, 4 Neb., 416; *Frost* v. *Walker*, 60 Me., 468; *Wells* v. *Cates*, 18 Barb., 554; *Bank* v. *Landon*, 45 N. Y., 410; *Tappan* v. *Bailey*, 4 Met., 529. ·

The record of the charter in Grenada county was a necessary prerequisite to the existence of the corporation. *Bigelow* v. *Gregory*, 73 Ill., 197; *Diversey* v. *Smith*, 103 Ill., 378; *Cent* v. *Mfg. & Ins. Co.*, 107 Ill., 652; *Picker* v. *Larkin*, 27 Ill.

App., 625; *Mining Co.* v. *Herkimer*, 46 Ind., 142; *Clegg* v. *Hamilton, etc., Co.*, 61 Iowa, 104; *Cresswell* v. *Oberly*, 17 Ill. App., 281; *Field* v. *Cooks*, La Ann., 153; *Garnett* v. *Richardson*, 35 Ark., 144; *Hurt* v. *Salisbury*, 55 Mo., 310; *Childs* v. *Hurd*, 32 W. Va., 66; 7 Thompson on Corp., sec. 8210; 1 *Ib.*, sec. 222; 1 *Ib.*, sec. 239.

Calhoon, J., delivered the opinion of the court.

Appellants formed a mercantile partnership under written articles, with the firm name of "R. A. Miller Co.," and began business in February, 1893. Their statement that when they began they had the purpose to change it into a corporation cannot, of course, have any effect whatever on the case before us. In fact, they proceeded as a partnership and, in fact as such, opened an account with appellee in February, 1893, and continued purchases from him that year and the year 1894, the account showing debits and credits, and Rouss having no notice of the corporation.

On October 23, 1893, they procured a charter as "R. A. Miller Co.," but did not have it recorded in the chancery clerk's office of the county of the business, and they gave no notice to their creditor correspondents of the change from a partnership to a corporation, and are therefore bound. We agree with the chancellor on the facts and the law, and we think his conclusion right, even if section 189 of our constitution, and code § 835, are merely directory, which we do not now decide. If sued as a corporation, they could not defend, because of defective organization (code, § 841), but they certainly cannot defeat personal liability to creditors without notice, because of their negligence.

*Affirmed.*